# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 05-144 (DWF) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Clyde Scott Thompson, | |
| Defendant. | |

Clyde Scott Thompson, *Pro se.*

Andrew S. Dunne and Katharine T. Buzicky, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

# INTRODUCTION

This matter is before the Court on Defendant Clyde Scott Thompson's ("Thompson") *pro se* motion for compassionate release in light of the COVID-19 pandemic. (Doc. No. 121 ("Motion").) The United States of America (the "Government") opposes Thompson's Motion.[1] (Doc. No. 126.) For the reasons discussed below, the Court respectfully denies Thompson's Motion.

---

[1] The Court also received and considered Thompson's memorandum in support of his Motion (Doc. No. 123-3 ("Def. Memo.")) and his reply to the Government's opposition. (Doc. No. 128 ("Reply").)

## BACKGROUND

On August 10, 2005, a jury convicted Thompson of the following three counts: (1) Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d); (2) Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) Unlawful Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  (Doc. No. 60; *see also* Doc. No. 14.)  On November 9, 2005, this Court sentenced him to a total of 444 months' imprisonment to be followed by a 5-year term of supervised release.[2]  (Doc. No. 71.)

Thompson is currently incarcerated at Otisville FCI in Otisville, NY with an anticipated release date of May 25, 2038.  Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited Jan. 7, 2021).  Otisville FCI reports 3 active COVID-19 cases among its inmates and 6 among its staff, 24 inmates and 14 staff who have recovered, and no inmate or staff deaths from COVID-19.  Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Jan. 7, 2021).

Thompson now moves for compassionate release on the grounds that he is at increased risk of severe infection from COVID-19 because he is 61 years old and suffers

---

[2]   Thompson's sentence included a Career Offender Enhancement pursuant to § 4B1.1(b) and an Armed Career Criminal enhancement pursuant to U.S.S.G. § 4B1.4. The Eighth Circuit affirmed Thompson's conviction in July 2006. *United States v. Thompson,* 450 F.3d 840 (8th Cir. 2006).  He subsequently filed an initial and successive motion to vacate his sentence under § 2255, both of which were denied.  (*See* Doc. Nos. 88, 96, 114, 117.)

from "undiagnosed and problematic heart and breathing issues."[3] (Def. Memo. at 6; *see also* Doc. No. 126-1, Ex 1 ("Medical Records").) He also expresses a deep desire to reconnect with his son and his son's family. (*Id.* at 2, 6; Reply at 1.) Thompson acknowledges his criminal history and poor disciplinary record while in prison but asserts that he has committed himself to self-improvement and that he has changed.[4] (Motion at 2-4, 6; Reply at 1.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration,

---

[3] Thompson describes a "breathing problem" that causes "attacks" of an unknown origin, and states that he has been given an inhaler as a remedy. (Def. Memo. at 1.) He also complains of a "heart murmur," that has not been diagnosed despite "multiple complaints" about it. (*Id.* at 2.) Thompson's Medical Records include multiple references to asthma-related breathing issues that have been treated with an Albuterol inhaler. (*See, e.g.*, Medical Records at 13, 15, 21, 24, 28, 34, 52, 78, 82.) His Medical Records do not indicate a heart condition, though they do reference continued care for hyperlipidemia (high cholesterol). (*Id.* at 9, 32, 52, 54, 68, 80.)

[4] Thompson candidly asserts that "the only reason [he] is filing this compassionate release is [because of his] son . . . [his] daughter and grandbabies." (Reply at 1.) He states that he is deeply sorry for the pain he has caused them and used his regret to transform his life. (*Id.*) To this end, he has actively pursued rehabilitation through various programming, gained spiritual insight, and mentors younger prisoners "to try and get them in the right direction, even trying to get them to go to church or just a simple kind word." (*Id.*)

(3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1(a)(ii).

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." Statement. The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[5] *Id.*

The record reflects that Thompson requested compassionate release from the warden at Otisville FCI on July 29, 2020. (Doc. No. 123-1.) His request was denied on

---

[5] Although judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A). *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

4

August 31, 2020. (Doc. No. 123.) Accordingly, the Court finds that his Motion is properly before it.

After a careful review of Thompson's Motion and other documentation, including his supporting memorandum and Medical Records, the Court finds that his circumstances do not meet the demanding standard necessary for compassionate release. According to the Centers for Disease Control and Prevention, none of Thompson's medical conditions make him particularly vulnerable to severe infection from COVID-19. *See* Centers for Disease Control and Prevention, Coronavirus Disease: People with Certain Medical Conditions, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited Jan. 6, 2021). Although moderate to severe asthma may increase a person's risk, it appears that Thompson's condition is well-controlled through use of an inhaler. The Court also notes that Otisville FCI continues to employ measures to mitigate the spread of the virus and has so far been effective.[6]

---

[6] Effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of the COVID-19" and "to ensure the continued effective operation of the federal prison system." *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan, *https://www.bop.gov/resources/news/20200313_covid-19.jsp* (last visited Jan. 7, 2021). Those steps include limiting visits and internal movement, increased hygiene measures, and screening of both staff and inmates. (*Id.*) The BOP periodically updates its Plan and is currently in Phase Nine. Federal Bureau of Prisons, Coronavirus (COVID-19) Phase Nine Action Plan, *https://prisonology.com/wp-content/uploads/2020/08/COVID-19-Phase-9-COVID-Action-Plan.pdf*. (last visited Jan. 7, 2021).

The BOP is also exercising greater authority to designate inmates for home confinement. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Jan. 7, 2021). Since March, the BOP has transferred nearly 20,000 inmates to home confinement. *Id.*

The Court also understands Thompson's strong desire to return to his family and truly commends him both for taking responsibility for his past actions and for committing to rehabilitation. Notwithstanding, the Court cannot overlook his incredibly violent history both inside and outside of prison, or that he has served less than half of his sentence. (*See* Doc. No. 126-1 at 139-141, 158.) Accordingly, the Court cannot yet conclude that Thompson no longer poses "a danger to the safety of any other person or the community." Statement. The Court also finds that the § 3553(a) sentencing factors weigh strongly against release. 18 U.S.C. § 3553(a). In short, the Court cannot conclude that such a significant sentence reduction would adequately address the seriousness of the charges of Thompson's conviction, promote respect for the law or provide a just punishment.[7]

## CONCLUSION

For the reasons set forth above, the Court finds that Thompson fails to present extraordinary and compelling reason to warrant compassionate release. The Court also finds that release is not appropriate because it cannot determine that Thompson no longer poses a threat to society and because the § 3553(a) factors weigh against release.

---

[7] While the Court finds that release is not appropriate, it reiterates its praise for Thompson's commitment to rehabilitation and reminds him that he need not be defined by his worst acts. The Court agrees with Thompson that change is possible and encourages him to continue to make a positive difference in the lives of those around him.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Clyde Scott Thompson's styled motion for compassionate release (Doc. No. [121]) is respectfully **DENIED**.

Date:  January 7, 2021                                  s/Donovan W. Frank
                                                        DONOVAN W. FRANK
                                                        United States District Judge