# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 05-144 (DWF) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Clyde Scott Thompson, | |
| Defendant. | |

Clyde Scott Thompson, *Pro se.*

Andrew S. Dunne and Katharine T. Buzicky, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

# INTRODUCTION

This matter is before the Court on Defendant Clyde Scott Thompson's ("Thompson") *pro se* motions for writ of mandamus (Doc. No. 132) and sanctions (Doc. No. 133) (collectively, ("Motions")).[1] The United States of America (the "Government") opposes Thompson's Motions.[2] (Doc. No. 145.) For the reasons discussed below, the Court respectfully denies Thompson's Motions.

---

[1] Docket entry numbers 132 and 133 are the same document. (*See* Doc. Nos. 132, 133.) For the purposes of citation, the Court references only Docket number 132.

[2] The Court also received and considered Thompson's reply to the Government's opposition. (Doc. No. 149 ("Reply").)

## BACKGROUND

On August 10, 2005, a jury convicted Thompson of the following three counts: (1) Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d); (2) Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) Unlawful Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Doc. No. 60; *see also* Doc. No. 14.) On November 9, 2005, this Court sentenced him to a total of 444 months' imprisonment to be followed by a 5-year term of supervised release.[3] (Doc. No. 71.)

Thompson is currently incarcerated at Otisville FCI in Otisville, NY with an anticipated release date of June 21, 2038. Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited Dec. 7, 2021).

At the time of his 2005 conviction, Thompson was a released federal prisoner on parole for a previous crime. (Doc. No. 46 ("Anderl Decl.") ¶ 3.) On April 14, 2005, the United States Parole Commission ("Parole commission") issued a warrant application and warrant because the offenses for which Thompson is currently incarcerated violated the terms of his parole. (*Id.*) On November 27, 2006, the Parole Commission's warrant was placed as a detainer in the United Sates Bureau of Prisons (the "Bureau of Prisons") records. (*Id.*)

---

[3]   Thompson's sentence included a Career Offender Enhancement pursuant to § 4B1.1(b) and an Armed Career Criminal enhancement pursuant to U.S.S.G. § 4B1.4. The Eighth Circuit affirmed Thompson's conviction in July 2006. *United States v. Thompson,* 450 F.3d 840 (8th Cir. 2006). He subsequently filed an initial and successive motion to vacate his sentence under § 2255, as well as a motion for compassionate release—all of which were denied. (*See* Doc. Nos. 88, 96, 114, 117, 130.)

On October 29, 2018, the Parole Commission withdrew the April 14, 2005 warrant; however, the detainer was not removed from the Bureau of Prison's records until November 1, 2021. (*Id.* ¶¶ 4-5; Doc. No. 146-1.)

Thompson alleges that a detainer erroneously remains active in his Bureau of Prison's file, which elevates his custody level, public safety factor, security level, and custody points in the Bureau of Prison's systems and thereby prevents him from accessing various programs.[4] (Motions at 1-2.) He seeks a writ of mandamus to order the Bureau of Prisons to remove the detainer and an order for sanctions. (*Id.* at 2-3.)

## DISCUSSION

**A.     Writ of Mandamus**

"The issuance of a writ of mandamus is an extraordinary remedy reserved for extraordinary situations." *In re MidAmerican Energy Co.*, 286 F.3d 483, 486 (8th Cir. 2002). Here, because the act for which Thompson seeks a writ of mandamus has already been granted, his request is moot. Indeed, there is no further act for which a writ of mandamus is necessary to afford Thompson the relief he seeks.[5] "The writ of mandamus is discretionary within certain limits and will not be granted to compel a futile act nor to

---

[4]     Thompson filed his Motions on September 13, 2021; approximately two months before the detainer was removed from the Bureau of Prison's records. (*See* Motions.)

[5]     Thompson claims that his request is not moot because the Court has not resolved the issue of sanctions. (Reply at 1-2.) As discussed below, the Court finds no basis for sanctions.

3

determine a purely moot proposition of law." *City of Boulder v. Lewis*, 21 F.2d 910, 912 (8th Cir. 1927) (citations omitted).

Mootness is a threshold jurisdictional question. *Arkansas AFL-CIO v. F.C.C.*,11 F.3d 1430, 1435 (8th Cir. 1993) (en banc). "Article III of the United States Constitution limits the jurisdiction of federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). While there may have been a case or controversy at the time Thompson filed his Motions, the change in circumstance prevents this Court from granting effective relief; therefore, his motion for writ of mandamus is moot. *See Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding an action becomes moot where it "no longer present[s] a case or controversy under Article III").

**B.    Sanctions**

Thompson seeks an order of damages in the amount of $100 per day for each day that the Bureau of Prisons "ignored" the "valid court order issued by this Court" to remove the detainer from its records.[6] (Motions at 2-3.) He asserts that "sometime between September 2018 and October 2018, this Court issued an order to the U.S. Department of Justice instructing them to dismiss the [detainer] and remove all references to said [detainer]."

---

[6]    Thompson asserts that the sanctions should accrue from November 29, 2018 until the date the detainer was removed. (Motions at 3.)

4

The record reflects that in September 2018, Thompson filed a motion for the order that he claims this Court issued. (Doc. No. 116.) The Court did not, however, issue any such order, or any order even tangentially related. Moreover, to the extent Thompson seeks money damages, sovereign immunity bars any such damages against the United States or the Bureau of Prisons. *See, e.g.*, *FCIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Here, there is no waiver of sovereign immunity applicable to Thompson's claim. The Court recognizes Thompson's frustration that the detainer remained on the Bureau of Prison's records longer than he would have liked. Notwithstanding, the Court finds no basis for sanctions, monetary or otherwise.[7]

## CONCLUSION

For the reasons set forth above, the Court respectfully denies Thompson's Motions. Specifically, the Court finds that his motion for a writ of mandamus is moot and that there is no basis for sanctions.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Clyde Scott Thompson's *pro se* motion for

---

[7] In his Reply, Thompson states that in lieu of money damages, he would accept "a sentence reduction equal to treble damages in the amount of 108 months, (36x3) applied to the current sentence." (Reply at 2.)

6

writ of mandamus (Doc. No. [132]) and *pro se* motion for sanctions (Doc. No. [133]) are respectfully **DENIED**.

Date:  December 8, 2021                           <u>s/Donovan W. Frank</u>
                                                  DONOVAN W. FRANK
                                                  United States District Judge