UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 05-144 (DWF/JSM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Clyde Scott Thompson, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Clyde Scott Thompson's *pro se* motion for compassionate release. (Doc. No. 163.) The United States of America (the "Government") opposes the motion. (Doc. No. 165.) For the reasons set forth below, the Court denies the motion.

## BACKGROUND

Thompson was charged with armed bank robbery, use of a firearm during a crime of violence, and unlawful possession of a firearm on May 3, 2005. (Doc. No. 14.) Following a jury trial, Thompson was found guilty on all three counts on August 10, 2005. (Doc. No. 60.) This Court sentenced Thompson to a 444-month term of imprisonment to be followed by a five-year term of supervised release on November 9, 2005. (Doc. No. 71.) Thompson is currently incarcerated at FCI Otisville with an anticipated release date of June 21, 2038. Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc (last visited December 13, 2024).

Thompson previously moved for compassionate release due to the COVID-19 pandemic on November 19, 2020. (Doc. No. 121.) The Court denied his motion on January 7, 2021. (Doc. No. 130.) Thompson now moves for compassionate release based on his age, family circumstances, unusually long sentence, and other reasons. (Doc. No. 163 at 1.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). These reasons include: (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence. U.S.S.G. § 1B1.13.

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden of establishing that they are eligible for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Thompson provided the Court with a copy of a request he sent to his warden on May 6, 2024, in which he mentioned his age, family circumstances, and sentence length. (Doc. No. 169-1.) Accordingly, his motion is ripe for review on those three grounds, but not on the "other reasons" alleged because he did not first raise those to his warden and the Government has properly objected. *See United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021)

First, Thompson requests compassionate release based on his age. A defendant's age may qualify as an extraordinary and compelling reason if the defendant: "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G § 1B1.13(b)(2). Thompson is 65 years old and has served over ten years of his term of imprisonment, but he has not shown that he is experiencing any serious deterioration of his health due to the aging process. Therefore, his age does not qualify as an extraordinary and compelling reason warranting compassionate release.

Second, Thompson requests compassionate release based on his family circumstances. Under a recent amendment to the U.S. Sentencing Policy Statement,

3

"family circumstances" can include immediate family members, like siblings. U.S.S.G. § 1B1.13(b)(3). To support that caring for a sibling is an extraordinary and compelling reason, a defendant must show: (1) that the defendant's sibling is incapacitated; and (2) that the defendant would be the only available caregiver for that sibling. *Id.*; *see, e.g.*, *United States v. Council*, No. 19-cr-134, 2024 WL 2941526, at *4-5 (D.N.J. June 11, 2024); *United States v. Irizzary*, No. 14-cr-652, 2021 WL 735779, at *7-8 (E.D. Pa. Feb. 25, 2021). Thompson has alleged that his sister is battling cancer and requires his assistance. The Court also received a letter from Thompson's sister about her condition. (Doc. No. 170.) She explained that she is currently in remission, but still undergoing chemotherapy. She also wrote that their other family members have died, and she is not in great physical condition. Although Thompson's family circumstances are difficult, he has not carried his burden by showing that his sister is incapacitated and that he is her only available caregiver. Thompson's sister appears to care for herself now and Thompson has not submitted any information about her care requirements. Additionally, Thompson has children, and he has not shown why they cannot or will not care for his sister. Without more, the Court cannot conclude that Thompson's family circumstances qualify as an extraordinary and compelling reason warranting compassionate release.

Lastly, Thompson requests compassionate release based on the length of his sentence. For a defendant's sentence to be "unusually long" and qualify as an extraordinary and compelling reason, the defendant must show: (1) they have "served at least 10 years of the term of imprisonment"; (2) there was "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)"; and

(3) that the change in the law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G § 1B1.13(b)(6). Thompson has served at least ten years of his term of imprisonment, but he has not demonstrated that there has been a relevant change in the law. Therefore, the length of Thompson's sentence is not an extraordinary and compelling reason warranting compassionate release.

Because the Court concludes that Thompson has failed to show extraordinary and compelling circumstances warranting compassionate release, the Court need not address the § 3553(a) factors or whether Thompson poses a danger to the community.

The Court sympathizes with Thompson's desire to spend his remaining years with his family. It also commends him on the work he has done to improve himself. The Court hopes he will continue down this path.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Clyde Scott Thompson's motion for compassionate release from custody (Doc. No. [163]) is **DENIED**.

Dated: December 17, 2024                     s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge